# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JACOB MEEKS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:12CV00566 ERW |
| JENNIFER SACHSE, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Jacob Meeks for leave to commence this action without payment of the required filing fee [Doc. #5]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted. Plaintiff will be assessed an initial partial filing fee of $1.90. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1)

the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $9.49, and an average monthly account balance of $.67. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.90, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint and Amended Complaint

Plaintiff, an inmate at the Missouri Eastern Correctional Center ("MECC"), seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendants Jennifer Sachse (Warden) and Unknown Williams (Doctor at MECC). Plaintiff states that he believes he suffered a heart attack on February 29, 2012. He further states that defendant Dr. Williams said there was nothing wrong with him. Plaintiff alleges that he was taken to Mercy Hospital on February 29, where "he was receiving good care," and that he was released on March 1, 2012, "before the hospital could finish up there [sic] report." Plaintiff summarily claims that defendants "did not want to pay the bill and said that he was alright." He states that he needs a wheelchair so "he can move around," and claims that defendant Williams has refused to give him one. He further states that he was placed in "segregation" because he refused "this harsh treatment."

**Discussion**

Plaintiff brings this action against defendants in their official capacity. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* For this reason, the Court will dismiss the complaint as legally frivolous and for failure to state a claim upon which relief can be granted.

As additional grounds for dismissing this action, the Court notes that plaintiff has failed to assert any non-conclusory claims against Jennifer Sachse. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009)(legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(theory of supervisory liability is inapplicable in § 1983 suits).

Moreover, plaintiff's claim that defendant Williams "said there was nothing wrong with [him]," at best, amounts to a mere disagreement with Dr. Williams' diagnosis. It does not, however, state a constitutional claim of deliberate indifference. *Cf. Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990) (inmate's complaints that he should have remained longer in prison hospital rather than convalescing in non-medical housing with outpatient care, and that he should have been given more pain-killing medication than prison's medical personnel were willing to dispense failed to state Eighth Amendment claim of deliberate indifference).

To state a claim for unconstitutional medical mistreatment, a plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). To show deliberate indifference, a plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Plaintiff's claims that defendant Williams was responsible for having him transported from the hospital before "the hospital could finish up there [sic] report" and later refused to give him a wheelchair simply fail to state Eighth Amendment claims. Last, plaintiff's bald assertion that he was placed in segregation also does not state a cognizable claim under § 1983.

For the above-stated reasons, this action will be dismissed as legally frivolous and for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #5] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $1.90 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as *Jacob Meeks v. Jennifer Sachse and Unknown Williams*.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint, because the allegations are legally frivolous and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for medical records [Doc. #3] and motion to compel [Doc. #6] are **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 30th Day of April, 2012.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE